UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL NO. H-18-CR-199-S2 |
| | § | |
| FADI ISSA ISSA | § | |
| NADAL DIYA | § | |
| LABIB DEEB ARAFAT | § | |
| MAXIMILIANO SANDOVAL ROMERO | § | |
| LEATRICE MALIKA DE BRUHL-DANIELS | § | |

## **UNITED STATES' UNOPPOSED MOTION TO CERTIFY CASE AS COMPLEX**

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas and undersigned Assistant United States Attorney, and files this Motion as follows:

1. Pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii), the United States files this motion to certify the above-referenced case as complex.

2. In support of this motion, the Government affirms that the prosecution of the instant case will involve large amounts of evidence of each defendant's involvement in counts alleging offenses involving filing false federal income tax returns, passport fraud and obstruction of justice. These offenses are alleged to have occurred on various occasions between on or about April 3, 2012, and September 12, 2018.

3. On October 24, 2018, a federal grand jury sitting in Houston, Texas returned the instant superseding indictment against the defendants. Each defendant has been arrested on the charges he/she faces in this superseding indictment, including defendant Nadal Diya, who was arrested in Canada on a provisional arrest warrant and is pending extradition to the United States in this case.

The remaining four defendants have all been arraigned on the current charges each of them faces. This case is currently set for a pretrial conference at 10:00 a.m. on December 17, 2018, and to begin jury selection and trial that same day at 1:00 p.m.

4. The charges against the defendants are the result of investigations federal agents have been conducting into their alleged misconduct since approximately mid-2013. The investigations were primarily conducted by agents from the Federal Bureau of Investigation (FBI); Internal Revenue Service (IRS); Department of Homeland Security, Homeland Security Investigations (HSI); Department of Commerce and Naval Criminal Investigative Service (NCIS). The prosecution's evidence from these investigations is voluminous and was collected from multiple sources, including confidential human source reporting, reports from FBI employees working in an undercover capacity, search warrants, physical surveillance, electronic monitoring and numerous documents obtained through grand jury subpoenas and voluntary production. In addition, the investigations remain ongoing and we expect it will likely lead to additional evidence against some or all defendants.

5. Furthermore, some of the evidence in this case is classified, and as part of the prosecution of this case, the United States anticipates that issues of discovery, disclosure, or use of classified information may arise. The use of classified information is governed by the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III. CIPA is a set of procedures by which federal courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases. Using CIPA for these purposes entails a layer of procedures designed to harmonize a defendant's right to obtain and present exculpatory material at trial with the government's right to protect classified material in the national interest. The various CIPA procedures which must be followed when dealing with classified information are

time-consuming, and will likely cause significant delay in the course of preparing CIPA-related motions, reviewing CIPA-related motions, producing discovery, reviewing that discovery, and preparing the present case for other pretrial motions and trial.

6. Title 18, United States Code, Section 3161(c)(1) generally requires a defendant's trial to begin within 70 days of the indictment being made public or the defendant being brought before a judicial officer of the court in which the indictment is pending, whichever date occurs later. Should a criminal case be certified as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), however, this 70-day requirement no longer applies.

7. Based on the above reasons, among others, the United States anticipates that the case is so unusual or complex, due to the nature of the prosecution and the expected existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established by Title 18 U.S.C. § 3161. We also respectfully request the Court also schedule the parties for a status conference at 10:00 a.m. on December 17, 2018, at which time and date the Court has already scheduled a pretrial conference in this case, where all parties can discuss this motion (if necessary) and any potential issues regarding discovery, scheduling and any other relevant matters to ensure this case moves forward as expeditiously as possible. We believe after having this status conference and hearing the input from all parties, the Court will then be in a better position to schedule more specific dates for pre-trial motions, motion responses, final pretrial conference and jury selection for the defendant in this case.

## CERTIFICATE OF CONFERENCE

The undersigned Assistant United States Attorney has asked each of the attorneys representing the defendants in this case, with the exception of Mr. Diya, who remains in Canada

pending extradition in this case, regarding the substance of this motion and each attorney stated he is not opposed to the Court granting this motion and certifying the case as complex.

WHEREFORE, PREMISES CONSIDERED, the government respectfully requests that the motion to certify this case as complex be granted.

                                        Respectfully submitted,

                                        RYAN K. PATRICK
                                        UNITED STATES ATTORNEY

By:   /s/ Arthur R. Jones
        ARTHUR R. JONES
        Assistant United States Attorney
        Federal Bar No. 32963
        Texas Bar No. 24051986
        1000 Louisiana Street, Suite 2300
        Houston, Texas 77002
        Phone: 713-567-9357
        Fax: 713-718-3305

CERTIFICATE OF SERVICE

On November 14, 2018, the United States provided a copy of this motion to the attorney for the defendant via electronic case filing (ECF).

By:   /s/ Arthur R. Jones
        ARTHUR R. JONES
        Assistant United States Attorney