United States Courts
Southern District of Texas
F I L E D

MAR 05 2020

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| FADI ISSA ISSA | § | CRIMINAL NO. H-18-CR-199-S6 |
| NADAL DIYA | § | |
| LABIB DEEB ARAFAT | § | |
| MAXIMILIANO SANDOVAL ROMERO | § | |
| LEATRICE MALIKA DE BRUHL-DANIELS | § | |
| MAMDOUH DAOUD MOSTAFA EL RAYES | § | |

## SIXTH SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE
### (Willfully Filing False Tax Return)

On or about April 3, 2012, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### FADI ISSA ISSA,

did willfully make and subscribe a 2011 U.S. Individual Income Tax Return, IRS Form 1040, which defendant verified by a written declaration that it was made under the penalties of perjury, which defendant filed with the Internal Revenue Service, and which defendant did not believe to be true and correct with regard to every material matter in that defendant claimed on such return a business loss in the amount of $50,230 (IRS Form 1040, line 12), total income in the amount of $86,574 (IRS Form 1040, line 22) and a refund due of $14,663 (IRS Form 1040, line 74a), whereas, as defendant then and there well knew and believed, such claimed amounts of business loss, total income and refund due were false.

In violation of Title 26, United States Code, Section 7206(1).

1

## COUNT TWO
### (Willfully Filing False Tax Return)

On or about February 19, 2013, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### FADI ISSA ISSA,

defendant herein, did willfully make and subscribe a 2012 U.S. Individual Income Tax Return, IRS Form 1040, which defendant verified by a written declaration that it was made under the penalties of perjury, which defendant filed with the Internal Revenue Service, and which defendant did not believe to be true and correct with regard to every material matter in that defendant claimed on such return business income in the amount of $5,652 (IRS Form 1040, line 12), total income in the amount of $158,738 (IRS Form 1040, line 22) and a refund due of $1,216 (IRS Form 1040, line 74a), whereas, as defendant then and there well knew and believed, such claimed amounts of business income, total income and refund due were false.

In violation of Title 26, United States Code, Section 7206(1).

2

## COUNT THREE
### (Willfully Filing False Tax Return)

On or about August 26, 2013, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### FADI ISSA ISSA,

did willfully make and subscribe a 2012 U.S. Return of Partnership Income, IRS Form 1065, for the partnership GlobServ LLC, which defendant verified by a written declaration that it was made under the penalties of perjury, which defendant filed with the Internal Revenue Service, and which defendant did not believe to be true and correct with regard to every material matter in that defendant claimed on such return gross receipts or sales in the amount of $8,100,000 (IRS Form 1065, line 1a) and an ordinary business loss in the amount of $100 (IRS Form 1065, line 22), whereas, as defendant then and there well knew and believed, such claimed amounts of gross receipts or sales and ordinary business loss were false.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR
### (Fraud and Misuse of Visas, Permits and Other Documents)

On or about November 20, 2013, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

## MAXIMILIANO SANDOVAL ROMERO,

did knowingly obtain and possess a document prescribed by statute or regulation for entry into the United States, that is, a passport purporting to be issued by the country of Guatemala in the name of AYMAN OMAR HASSAN ABDELHAMID HASSOUNNA, which the defendant knew to be forged, counterfeited and falsely made.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT FIVE
### (Fraud and Misuse of Visas, Permits and Other Documents)

On or about January 27, 2014, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

## LABIB DEEB ARAFAT,

did knowingly obtain and possess a document prescribed by statute or regulation for entry into the United States, that is, a passport purporting to be issued by the country of Guatemala in the name of FADI ISSA ISSA, which the defendant knew to be forged, counterfeited and falsely made.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT SIX
### (Fraud and Misuse of Visas, Permits and Other Documents)

On or about July 2, 2014, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### FADI ISSA ISSA,

did knowingly use, possess and attempt to use a document prescribed by statute or regulation for entry into the United States, that is, a passport purporting to be issued by the country of Guatemala in the name of FADI ISSA ISSA, which the defendant knew to be forged, counterfeited and falsely made.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT SEVEN
### (Fraud and Misuse of Visas, Permits and Other Documents)

On or about July 4, 2014, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### FADI ISSA ISSA,

did knowingly use, possess and attempt to use a document prescribed by statute or regulation for entry into the United States, that is, a passport purporting to be issued by the country of Guatemala in the name of FADI ISSA ISSA, which the defendant knew to be forged, counterfeited and falsely made.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

5

## COUNT EIGHT
### (Fraud and Misuse of Visas, Permits and Other Documents)

On or about July 19, 2014, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendants,**

### NADAL DIYA and
### LABIB DEEB ARAFAT,

did knowingly use, possess and attempt to use a document prescribed by statute or regulation for entry into the United States, that is a passport purporting to be issued by the country of Guatemala in the name of NADAL DIYA, which each defendant knew to be forged, counterfeited and falsely made.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT NINE
### (Fraud and Misuse of Visas, Permits and Other Documents)

On or about September 10, 2014, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### NADAL DIYA,

did knowingly use, possess and attempt to use a document prescribed by statute or regulation for entry into the United States, that is a passport purporting to be issued by the country of Guatemala in the name of NADAL DIYA, which the defendant knew to be forged, counterfeited and falsely made.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

6

## COUNT TEN
### (Forgery or False Use of Passport)

Between on or about January 1, 2014, and on or about February 28, 2014, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendants**,

### LABIB DEEB ARAFAT and
### FADI ISSA ISSA,

did willfully and knowingly furnish to another for use, a false, forged, counterfeited and altered passport or instrument purporting to be a passport, for the country of Guatemala and in the name of AYMAN OMAR HASSAN ABDELHAMID HASSOUNNA, which each defendant knew to be false, forged, counterfeited and altered.

In violation of Title 18, United States Code, Sections 1543 and 2.

## COUNT ELEVEN
### (Fraud and Misuse of Visas, Permits and Other Documents)

Between on or about August 28, 2014, and on or about August 23, 2015, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendants**,

### LABIB DEEB ARAFAT and
### NADAL DIYA,

did knowingly attempt to use a document prescribed by statute or regulation for entry into the United States, that is, a passport purporting to be issued by the country of Argentina in the name of NADAL DIYA, which each defendant knew to be forged, counterfeited and falsely made.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

7

## COUNT TWELVE
**(Tampering with a Witness, Victim, or an Informant)**

On or about August 28, 2014, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LABIB DEEB ARAFAT,

did corruptly attempt to obstruct, influence, and impede an official proceeding by attempting to bribe government officials with monies and other things of value in order to release for shipment overseas oilfield equipment previously seized by United States Customs and Border Protection officers.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

## COUNT THIRTEEN
**(Tampering with a Witness, Victim, or an Informant)**

Between on or about August 28, 2014, and on or about September 16, 2014, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LABIB DEEB ARAFAT,

did corruptly attempt to obstruct, influence, and impede an official proceeding by attempting to bribe government officials with monies and other things of value in order to release for shipment overseas oilfield equipment detained by United States Customs and Border Protection officers.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

8

## COUNT FOURTEEN
### (Tampering with a Witness, Victim, or an Informant)

On or about April 22, 2015, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LABIB DEEB ARAFAT,

did corruptly attempt to obstruct, influence, and impede an official proceeding by attempting to bribe government officials with monies and other things of value in order to release for shipment overseas oilfield equipment previously seized by United States Customs and Border Protection officers.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

## COUNT FIFTEEN
### (Tampering with a Witness, Victim, or an Informant)

Between on or about July 1, 2017, and December 31, 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LEATRICE MALIKA DE BRUHL-DANIELS,

did corruptly attempt to obstruct, influence, and impede an official proceeding to wit: a proceeding before a federal grand jury in the Southern District of Texas, by providing details of certain federal criminal investigations to Nadal Diya, including that he is the target of those federal criminal investigations.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

## COUNT SIXTEEN
**(Fraud and Misuse of Visas, Permits and Other Documents)**

Between on or about July 5, 2014, and on or about October 30, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### FADI ISSA ISSA,

did knowingly use, possess and attempt to use a document prescribed by statute or regulation for entry into the United States, that is, a passport purporting to be issued by the country of Guatemala in the name of FADI ISSA ISSA, which the defendant knew to be forged, counterfeited and falsely made.

In violation of Title 18, United States Code, Sections 1546(a) and 2.


## COUNT SEVENTEEN
**(False Statement in Naturalization Application)**

On or about December 9, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### FADI ISSA ISSA,

did knowingly make a false statement under oath, in a case, proceeding and matter relating to, under, and by virtue of a law of the United States relating to naturalization, citizenship or registry of aliens, to wit: in Part 9, on page seven of his Form N-400, Application for Naturalization, defendant **FADI ISSA ISSA** did not list certain trips of 24 hours or longer he had taken outside the United States in the previous five years.

In violation of Title 18, United States Code, Sections 1015(a) and 2.

## COUNT EIGHTEEN
### (False Statement in Naturalization Application)

On or about December 9, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant**,

### FADI ISSA ISSA,

did knowingly make a false statement under oath, in a case, proceeding and matter relating to, under, and by virtue of a law of the United States relating to naturalization, citizenship or registry of aliens, to wit: in Part 12, on page twelve of his Form N-400, Application for Naturalization, defendant **FADI ISSA ISSA** falsely answered "No" when asked if he owed "any overdue Federal, state, or local taxes."

In violation of Title 18, United States Code, Sections 1015(a) and 2.

## COUNT NINETEEN
### (False Statement in Naturalization Application)

On or about December 9, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant**,

### FADI ISSA ISSA,

did knowingly make a false statement under oath, in a case, proceeding and matter relating to, under, and by virtue of a law of the United States relating to naturalization, citizenship or registry of aliens, to wit: in Part 12, on page fourteen of his Form N-400, Application for Naturalization, defendant **FADI ISSA ISSA** falsely answered "No" when asked if he had "EVER been arrested, cited, or detained by any law enforcement officer (including any immigration official or any official of the U.S. armed forces) for any reason."

11

In violation of Title 18, United States Code, Sections 1015(a) and 2.

## COUNT TWENTY
### (False Statement in Naturalization Application)

On or about December 9, 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant**,

### FADI ISSA ISSA,

did knowingly make a false statement under oath, in a case, proceeding and matter relating to, under, and by virtue of a law of the United States relating to naturalization, citizenship or registry of aliens, to wit: in Part 12, on page fifteen of his Form N-400, Application for Naturalization, defendant **FADI ISSA ISSA** falsely answered "No" when asked if he had "EVER been placed in removal, exclusion, recission, or deportation proceedings."

In violation of Title 18, United States Code, Sections 1015(a) and 2.

## COUNT TWENTY-ONE
### (False Statement)

On or about December 18, 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant**,

### LEATRICE MALIKA DE BRUHL-DANIELS,

did willfully and knowingly falsify, conceal, and cover up by trick, scheme, and device a material fact, and did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations, and did willfully and knowingly make and use a false writing or document knowing the same to contain a materially false, fictitious, and fraudulent statements in a matter within the jurisdiction of the executive branch of the Government of the United States, by

12

providing statements to an FBI Special Agent that concealed she had a previous sexual relationship, and an ongoing personal relationship with Nadal Diya. This offense involved international and domestic terrorism as defined in Title 18, United States Code, Section 2331.

In violation of Title 18, United States Code, Section 1001(a).

## COUNT TWENTY-TWO
### (False Statement)

On or about December 18, 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant**,

## LEATRICE MALIKA DE BRUHL-DANIELS,

did willfully and knowingly falsify, conceal, and cover up by trick, scheme, and device a material fact, in a matter within the jurisdiction of the executive branch of the Government of the United States, by providing statements to an FBI Special Agent that concealed that Nadal Diya had previously provided her approximately $1,400. This offense involved international and domestic terrorism as defined in Title 18, United States Code, Section 2331.

In violation of Title 18, United States Code, Section 1001(a)(1).

## COUNT TWENTY-THREE
### (False Statement)

On or about December 18, 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant**,

## LEATRICE MALIKA DE BRUHL-DANIELS,

did willfully and knowingly falsify, conceal, and cover up by trick, scheme, and device a material

fact, in a matter within the jurisdiction of the executive branch of the Government of the United States, by providing statements to an FBI Special Agent that concealed that Nadal Diya had promised to provide employment to the defendant's son. This offense involved international and domestic terrorism as defined in Title 18, United States Code, Section 2331.

In violation of Title 18, United States Code, Section 1001(a)(1).

### COUNT TWENTY-FOUR
**(False Statement)**

On or about December 18, 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LEATRICE MALIKA DE BRUHL-DANIELS,

did willfully and knowingly falsify, conceal, and cover up by trick, scheme, and device a material fact, in a matter within the jurisdiction of the executive branch of the Government of the United States, by providing statements to an FBI Special Agent that concealed she had informed Nadal Diya he was the target of several federal law enforcement investigations, including being the target of an FBI counter-terrorism investigation. This offense involved international and domestic terrorism as defined in Title 18, United States Code, Section 2331.

In violation of Title 18, United States Code, Section 1001(a)(1).

### COUNT TWENTY-FIVE
**(Tampering with a Witness, Victim, or an Informant)**

On or about December 18, 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LEATRICE MALIKA DE BRUHL-DANIELS,

did corruptly attempt to obstruct, influence, and impede an official proceeding, to wit: a proceeding

14

before a federal grand jury in the Southern District of Texas, by providing statements to an FBI Special Agent that concealed she had informed Nadal Diya he was the target of several federal law enforcement investigations, including being the target of an FBI counter-terrorism investigation.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

### COUNT TWENTY-SIX
#### (Tampering with a Witness, Victim, or an Informant)

On or about December 18, 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LEATRICE MALIKA DE BRUHL-DANIELS,

did corruptly attempt to obstruct, influence, and impede an official proceeding, to wit: a proceeding before a federal grand jury in the Southern District of Texas, by providing statements to an FBI Special Agent that concealed she had informed Nadal Diya that his colleague, Labib Arafat, was the target of a federal law enforcement investigation.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

### COUNT TWENTY-SEVEN
#### (Tampering with a Witness, Victim, or an Informant)

On or about December 18, 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LEATRICE MALIKA DE BRUHL-DANIELS,

did corruptly attempt to obstruct, influence, and impede an official proceeding, to wit: a proceeding before a federal grand jury in the Southern District of Texas, by providing statements to an FBI Special Agent that concealed she had a personal and sexual relationship with Nadal Diya.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

### COUNT TWENTY- EIGHT
**(Tampering with a Witness, Victim, or an Informant)**

On or about December 18, 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LEATRICE MALIKA DE BRUHL-DANIELS,

did corruptly attempt to obstruct, influence, and impede an official proceeding, to wit: a proceeding before a federal grand jury in the Southern District of Texas, by preparing Nadal Diya for his upcoming interview with federal agents, which included providing him with details about her own interview earlier that day by some of those same federal agents, instructions on what to bring to his interview and how to respond to questions, and an admonition to not mention to investigators that her knew her or that they had any type of relationship.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

### COUNT TWENTY- NINE
**(Bribery of Public Officials and Witnesses)**

Between on or about May 1, 2016, and on or about September 12, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LEATRICE MALIKA DE BRUHL-DANIELS,

a public official, namely a Special Agent with the Naval Criminal Investigative Service ("NCIS"), otherwise than as provided by law for the proper discharge of official duties, directly and indirectly did knowingly demand, seek, receive, accept, and agree to receive and accept something of value personally, to wit: catering and bartending that Nadal Diya paid for and provided to the defendant

on or about March 30, 2017, in Dubai, U.A.E., for a birthday party for defendant; approximately $1,400.00 in currency that Nadal Diya gave the defendant on or about July 14, 2017, in Dubai, U.A.E.; employment that Nadal Diya provided to defendant's adult son from on or about December 31, 2017, to on or about March 21, 2018, in Abu Dhabi, U.A.E.; and a gold bracelet and a massage that Nadal Diya gave to the defendant on or about April 20, 2018, in Dubai, U.A.E., for and because of official acts, as that term is defined in Title 18, United States Code, Section 201(a)(3), performed and to be performed by defendant, that is the defendant's use of her official investigative powers to provide information to Nadal Diya about his application for a United States visa.

In violation of Title 18, United States Code, Sections 201(c)(1)(B) and 2.

### COUNT THIRTY
**(Bribery of Public Officials and Witnesses)**

Between on or about May 1, 2016, and on or about September 12, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LEATRICE MALIKA DE BRUHL-DANIELS,

a public official, namely a Special Agent with the Naval Criminal Investigative Service ("NCIS"), otherwise than as provided by law for the proper discharge of official duties, directly and indirectly did knowingly demand, seek, receive, accept, and agree to receive and accept something of value personally, to wit: catering and bartending that Nadal Diya paid for and provided to the defendant on or about March 30, 2017, in Dubai, U.A.E., for a birthday party for defendant; approximately $1,400.00 in currency that Nadal Diya gave the defendant on or about July 14, 2017, in Dubai, U.A.E.; employment that Nadal Diya provided to defendant's adult son from on or about

17

December 31, 2017, to on or about March 21, 2018, in Abu Dhabi, U.A.E.; and a gold bracelet and a massage that Nadal Diya gave to the defendant on or about April 20, 2018, in Dubai, U.A.E.; for and because of official acts, as that term is defined in Title 18, United States Code, Section 201(a)(3), performed and to be performed by defendant, that is the defendant's use of her official investigative powers to provide information to Nadal Diya about federal investigations targeting him.

In violation of Title 18, United States Code, Sections 201(c)(1)(B) and 2.


### COUNT THIRTY-ONE
**(Fraud and Misuse of Visas, Permits and Other Documents)**

On or about April 1, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant**,

### MAMDOUH DAOUD MOSTAFA EL RAYES,

did knowingly obtain, accept, or receive a visa prescribed by statute or regulation for entry into and as evidence of authorized stay in the United States, which the defendant knew to be procured by means of any false claim or statement.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT THIRTY-TWO
### (False Statement)

On or about April 24, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant**,

### LEATRICE MALIKA DE BRUHL-DANIELS,

did willfully and knowingly falsify, conceal, and cover up by trick, scheme, and device a material fact, and did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations, and did willfully and knowingly make and use a false writing or document knowing the same to contain a materially false, fictitious, and fraudulent statements in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: a "Departure Briefing" form executed by the defendant and the State Department's Regional Security Officer in Dubai, United Arab Emirates, where the defendant answered, "No" when responding to the question, "Have you had any contact with country nationals during your tour (relationship)?" This offense involved international and domestic terrorism as defined in Title 18, United States Code, Section 2331.

In violation of Title 18, United States Code, Section 1001(a).

## COUNT THIRTY-THREE
### (False Statement)

On or about April 24, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant**,

### LEATRICE MALIKA DE BRUHL-DANIELS,

did willfully and knowingly falsify, conceal, and cover up by trick, scheme, and device a material fact, and did willfully and knowingly make materially false, fictitious, and fraudulent statements

and representations, and did willfully and knowingly make and use a false writing or document knowing the same to contain a materially false, fictitious, and fraudulent statements in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: a "Departure Briefing" form executed by the defendant and the State Department's Regional Security Officer in Dubai, United Arab Emirates, where the defendant answered, "N/A" when responding to the question "Have you reported all intimate relationships with LES, TCN or other foreign nationals to the Personnel Office and RSO?"  This offense involved international and domestic terrorism as defined in Title 18, United States Code, Section 2331.

In violation of Title 18, United States Code, Section 1001(a).

### COUNT THIRTY-FOUR
**(False Statement)**

On or about April 24, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LEATRICE MALIKA DE BRUHL-DANIELS,

did willfully and knowingly falsify, conceal, and cover up by trick, scheme, and device a material fact, and did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations, and did willfully and knowingly make and use a false writing or document knowing the same to contain a materially false, fictitious, and fraudulent statements in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: a "Departure Briefing" form executed by the defendant and the State Department's Regional Security Officer in Dubai, United Arab Emirates, where the defendant answered "No" when responding to the question "Are you aware of any compromise of classified and/or sensitive

20

information?"  This offense involved international and domestic terrorism as defined in Title 18, United States Code, Section 2331.

In violation of Title 18, United States Code, Section 1001(a).

## COUNT THIRTY-FIVE
### (Destruction, Alteration, or Falsification of Records in Federal Investigations and Bankruptcy)

On or about April 24, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LEATRICE MALIKA DE BRUHL-DANIELS,

in relation to and in contemplation of a matter within the jurisdiction of an agency of the United States, knowingly made a false entry in a record, document, and tangible object with intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction, that is, defendant executed a document titled "Departure Briefing" knowing that the document contained several false statements, including that the defendant answered "No" when responding to the question "Have you had any contact with country nationals during your tour (relationship)?", answered "N/A" when responding to the question "Have you reported all intimate relationships with LES, TCN or other foreign nationals to the Personnel Office and RSO?" and answered "No" when responding to the question "Are you aware of any compromise of classified and/or sensitive information?"

In violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT THIRTY-SIX
### (Tampering with a Witness, Victim, or an Informant)

Between on or about July 1, 2017, and December 31, 2017, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

### LEATRICE MALIKA DE BRUHL-DANIELS,

did corruptly attempt to obstruct, influence, and impede an official proceeding, to wit: a proceeding before a federal grand jury in the Southern District of Texas, by informing Nadal Diya that he would face arrest if he traveled to the United States.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

## COUNT THIRTY-SEVEN
### (Tampering with a Witness, Victim, or an Informant)

Between on or about July 1, 2017, and on or about December 31, 2017, in the Southern

District of Texas and elsewhere within the jurisdiction of the Court, **defendant,**

## LEATRICE MALIKA DE BRUHL-DANIELS,

did corruptly attempt to obstruct, influence, and impede an official proceeding, to wit: a proceeding

before a federal grand jury in the Southern District of Texas, by informing Nadal Diya of the name

of another target of a federal criminal investigation that also targeted Nadal Diya.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

A TRUE BILL:

Original signature on File

FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
UNITED STATES ATTORNEY

ALAMDAR S. HAMDANI
Assistant United States Attorney

ARTHUR R. JONES
Assistant United States Attorney

23